Ernest L. Ooltjooi, J.
The People have moved the court for an order striking the defense of insanity interposed by the defendant and prohibiting the offering of psychiatric proof as to the mental condition of the defendant on November 5, 1964, the date of the alleged crime. An indictment for murder in the first degree was returned on November 12,1964 by a Grand Jury of Erie County. The defendant pleaded not guilty by reason of insanity. Prior to the trial of this indictment the People under the provisions of section 658 of the Code of Criminal Procedure had the defendant examined by two psychiatrists. On July 10, 1969 the People moved again for an examination of the defendant pursuant to section 658 of the Code of Criminal Procedure. On 'September 9,1969 such motion was granted which brings us to the present motion made on October 14,1969 to strike the defense of insanity.
The principal arguments by the People on the pending motion are that the defendant, in refusing to answer pertinent questions put to him by the psychiatrists relative to his mental condition at the time of the alleged crime, does in effect thwart the effort of the People to secure a basis upon which they may be able to sustain the burden of proof placed upon them to establish the sanity of the defendant at the time of the alleged crime and that the defendant should not be permitted after interposing the defense of insanity by either refusing to submit to a medical examination or refusing to answer questions germane to his mental condition be able to stifle the proper prosecution of the charge against him. It is the contention of the defense that to force the defendant to answer questions relating to and pertaining to the facts existent at the time of the alleged crime under the guise of a medical examination is a violation of his constitutional privilege against self incrimination. No precedent has been cited to the court for striking the defense of insanity. To force the defendant to trial if his defense of insanity is stricken might be construed as denying him one of his basic constitutional rights and guarantees. The whole question however is precipitated in the first instance by the interposition by the defendant of a plea of not guilty by reason of insanity which plea immediately places an additional burden upon the People which necessitates an order for medical examination and a proper report made as a result of that examination. It is argued by the defense that if the motion to strike the defense of insanity is granted there is no appeal from this intermediate order. All parties concerned, the People, the defendant and the court, are all desirous of having this matter resolved. If the motion to strike the defense of insanity is *129 granted it seems inconceivable that an appellate court would not review the matter in its entirety, consider the rights of the defendant and the necessary burden of proof on the part of the People.
Certain alternatives are offered to the court: (1) The court to adjudge the defendant guilty of contempt in refusing to answer pertinent questions on the examination of his mental condition; (2) the defense to initiate an article 78 proceeding to review the entire record before the court. It is argued neither an article 78 proceeding nor contempt would properly resolve the basic issues involved on an appeal. It is interesting to note that the defendant has already been found in contempt of court on a section 658, Code of Criminal Procedure, examination and sentenced to 30 days in the Erie County 'Jail for such contempt.
The court has considered very carefully and at length the arguments presented both by the People and the defense and has come to the conclusion that the motion to strike the defense of insanity should be granted. It is inconceivable that a defendant should be permitted to enter a plea of not guilty by reason of insanity then oppose a motion for examination as to his mental condition at the time of the alleged crime and refuse to answer questions relative to such mental condition after such medical examination is ordered by the court and by his own course of conduct while seeking to avail himself of all of his rights and privileges to which he is entitled to nonetheless stifle or impede the necessary prosecution of his case by the People.
The court grants the People’s motion to strike the defense of insanity interposed by the defendant and precludes the defendant from offering any evidence on the trial of the action relative to his insanity at the time of the alleged crime. The court is hopeful that this matter will be reviewed by a court of higher jurisdiction.